UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ALEAH ROBINSON<br>    Plaintiff | CIVIL ACTION NO.: 3:22-cv-00549 |
| | JUDGE _____ |
| VERSUS | |
| | MAGISTRATE JUDGE _____ |
| D BENTON, INC., PROGRESSIVE<br>CASUALTY INSURANCE COMPANY,<br>And GORDAN FERRELL, JR.<br>    Defendants | |

**NOTICE OF REMOVAL**

NOW INTO COURT, through undersigned counsel, come Defendants, D BENTON, INC. (hereafter "Benton"), and GORDAN FERRELL, JR. (hereafter collectively referred to as "the Removing Defendants"), and file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on the following grounds:

1.

On January 26, 2022, a Petition was filed on behalf of Plaintiff, Aleah Robinson, in the Third Judicial District Court for the Parish of Lincoln styled *Aleah Robinson v. D Benton, Inc.; Progressive Casualty Insurance Company and Gordan Ferrell, Jr.*, Docket No. 62,160. Plaintiff's suit arises from a December 17, 2021, automobile accident between Justin D. Mitchell and Gordan Ferrell, Jr. (Benton's employee). Ms. Robinson was a passenger in Mr. Mitchell's vehicle at the time of the accident. Plaintiff named as defendants Mr. Ferrell, Benton, and Progressive Casualty

Insurance Company. Attached as Exhibit A is a complete certified copy of all pleadings currently filed in the suit record in the Third Judicial District Court, including a copy of all notices of service on Defendants.

2.

Plaintiff incorrectly named Progressive Casualty Insurance Company as a defendant in her lawsuit. Progressive Casualty Insurance Company is not a proper party to this lawsuit, as it did not issue a policy of insurance to Benton which was in effect at the time of the accident. Rather, Progressive Southeastern Insurance Company issued a policy of insurance to Benton which provided commercial automobile liability coverage for the subject accident. Both Progressive Casualty Insurance Company and Progressive Southeastern Insurance Company are part of the Progressive family of companies. Although Progressive Casualty Insurance Company does not desire to enter an appearance in Plaintiff's lawsuit, representatives of Progressive Casualty Insurance Company and Progressive Southeastern Insurance Company have informed the Removing Defendants that there is no objection to the removal of this matter.

3.

Benton was served with a copy of the Petition and Citation issued by the Third Judicial District Court on or about February 8, 2022, via Long-Arm service on its agent for service of process, Gregory Dale Benton.

4.

Upon current information and belief, Mr. Ferrell has not yet been served with a copy of the Petition and Citation issued by the Third Judicial District Court.

5.

Upon current information and belief, neither Progressive Casualty Insurance Company nor Progressive Southeastern Insurance Company have yet been served with a copy of the Petition and Citation issued by the Third Judicial District Court.

6.

Benton is a citizen of the State of North Carolina (state of incorporation and location of its principal place of business).

7.

Gordan Ferrell, Jr. is a citizen of the State of North Carolina, County of Wayne.

8.

Progressive Casualty Insurance Company is a citizen of the State of Ohio (state of incorporation and location of its principal place of business).

9.

Progressive Southeastern Insurance Company is a citizen of the State of Ohio (state of incorporation) and the State of Indiana (principal place of business).

10.

Plaintiff is a citizen of the State of Louisiana, Parish of Lincoln.

11.

In Paragraph 6 of the Petition, Plaintiff alleges as a result of the subject accident, Ms. Robinson has sustained "past, present, and future: 1) medical expenses; 2) pain and suffering; 3) mental pain and anguish; 4) functional limitations and impairments; 5) scarring and disfigurement;

6) lost wages and economic loss; 7) loss of enjoyment of life; and 8) property damage; and 9) loss of earning capacity." In Paragraph 7 of the Petition, Plaintiff represents that her "claims equal or exceed the amount in controversy required for jurisdiction under 28 USC Code §1332."

12.

Although Plaintiff does not specify the amount of her damages, this Court should deem the amount to exceed the jurisdictional requirement of $75,000.00 because "it is facially apparent that the claims exceed the jurisdictional amount." *White v. FCI USA,* 319 F.3d 672, 675 (5th Cir. 2003) (quoting *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998)) (internal quotation marks omitted).

13.

Based on the allegations set forth in Plaintiff's Petition, Removing Defendants show that the amount in controversy as to the claim of Plaintiff exceeds the sum or value of $75,000.00 exclusive of interest and costs, as required for diversity jurisdiction to be present under 28 U.S.C. § 1332.

14.

The Removing Defendants show there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Therefore, this Honorable Court has original jurisdiction on the basis of diversity of citizenship over the action filed by Plaintiff under the provisions of 28 U.S.C. § 1332(a).

15.

Based on the above, the Removing Defendants show this matter is properly removable to this Honorable Court pursuant to the provisions of 28 U.S.C. § 1441, *et seq.*

16.

The Removing Defendants show this Notice of Removal was timely filed pursuant to the provisions of 28 U.S.C. § 1446, because it was filed within thirty (30) days from the date any defendant, through service or otherwise, received a copy of the initial pleadings setting forth the claim upon which Plaintiff's action is based.

17.

As stated above, Progressive Casualty Insurance Company and Progressive Southeastern Insurance Company consent to the removal of this matter.

18.

Removal to this District and Division is proper under 28 U.S.C. § 1441(a) because this District and Division embrace the Third Judicial District Court for the Parish of Lincoln, State of Louisiana.

19.

Pursuant to 28 U.S.C. § 1446(d), the Removing Defendants will file a written Notice of Filing Notice of Removal in the Third Judicial District Court for the Parish of Lincoln, State of Louisiana, and will attach this Notice of Removal as an exhibit to the State Court filing.  The Removing Defendants will also give written notice of this Notice of Removal to Plaintiff.

20.

The Removing Defendants hereby remove this cause of action from the Third Judicial District Court for the Parish of Lincoln, to the United States District Court for the Western District of Louisiana for further disposition, and request trial by jury of all issues.

Respectfully submitted,

DAVENPORT, FILES & KELLY, L.L.P.
1509 Lamy Lane
P. O. Drawer 4787
Monroe, Louisiana 71211-4787
Telephone: (318) 387-6453
ATTORNEYS FOR DEFENDANTS, D BENTON, INC. and GORDAN FERRELL, JR.

BY /s/*M. Shane Craighead*
    M. Shane Craighead, T.A. - #21541
    Grant M. Tolbird - #37337

**CERTIFICATE**

I hereby certify that an exact copy of the above and foregoing has been served upon all counsel of record through this Court's ECF system which may send a notice of electronic filing to counsel,

So certified this 24th day of February, 2022.

/s/*M. Shane Craighead*
OF COUNSEL